COOPER v. PRATT et al. (Circuit Court of Appeals, Fourth Circuit. February 6, 1912.) No. 1,039. In Error to the Circuit Court of the United States for the Southern District of West Virginia, at Charleston. J. W. Vandervort and W. E. R. Byrne (R. G. Linn, on the brief), for plaintiff in error. W. E. Chilton (W. A. MacCorkle, J. E. Chilton, and T. S. Clark, on the brief), for defendants in error. Before GOFF and PRITCHARD, Circuit Judges, and McDOWELL, District Judge.

PER CURIAM. Affirmed, with costs.

---

DOWLING v. UNITED STATES. (Circuit Court of Appeals, Fifth Circuit. April 4, 1912.) No. 2,202. In Error to the District Court of the United States for the Southern District of Florida. John E. Hartridge, for plaintiff in error. John M. Cheney, for the United States. Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. A majority of the judges are of opinion that none of the assignments of error are well taken. The record does show, however, that the sentence of plaintiff in error is to imprisonment at hard labor, and that is beyond the statutes. Section 5480 of Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3696). The sentence of plaintiff in error is amended by striking out "hard labor" (see Gardes v. United States, 87 Fed. 172–183, 30 C. C. A. 596), and with this amendment the judgment of the District Court is affirmed.

---

HALL v. SWART. (Circuit Court of Appeals, Fourth Circuit. March 11, 1912.) No. 1,082. Appeal from the Circuit Court of the United States for the Eastern District of Virginia, at Richmond. Frank S. Appleman (Arden Howell, on the brief), for appellant. Frederick S. Stitt (R. S. & A. B. Lacey, on the brief), for appellee. Before PRITCHARD, Circuit Judge, and DAYTON and ROSE, District Judges.

PER CURIAM. The appellant was complainant below. She said that the appellee had infringed claim 6 of letters patent No. 730.647, issued June 9, 1903, to Haynie and Hall. The learned judge below dismissed her bill. He held that, in view of the prior art, the combination described in the claim in question was without patentable novelty. We are of the same opinion. Affirmed.